IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PARIS D. ST. JOHN,                     §
                                       §
             Movant,                   §
                                       §
V.                                     §          No. 3:16-cv-1115-G-BN
                                       §
UNITED STATES OF AMERICA,              §
                                       §
             Respondent.               §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Movant Paris D. St. John, a federal prisoner represented by appointed counsel, has filed this – his first – 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Dkt. Nos. 1 & 2], seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), a decision in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, and which the Supreme Court recently made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016).

St. John also has filed an unopposed motion for immediate release pending further proceedings. *See* Dkt. No. 7. And the government has filed a response to the Section 2255 motion in which it agrees that relief should be granted in light of *Johnson*. *See* Dkt. No. 9.

Both sides agree that St. John's Section 2255 motion and his motion for

immediate release should be granted, but St. John moves for formal resentencing, while the government – although deferring to the Court's discretion – contends that formal resentencing is not necessary and prefers that the Court enter an amended judgment.

Senior United States District Judge A. Joe Fish referred this case to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for hearing, if necessary, and recommendation. *See* Dkt. No. 4.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should (1) grant St. John's Section 2255 motion and the unopposed motion for immediate release, (2) re-refer this matter to the undersigned to enter appropriate conditions of release pending further proceedings, and (3) determine whether St. John should be formally resentenced or whether his sentence should be corrected through an amended judgment.

## Background, Legal Standards, & Analysis

St. John currently is serving a 235-month sentence imposed pursuant to his guilty-plea conviction for being a felon in possession of a firearm. *See United States v. St. John*, No. 3:03-cr-442-P (N.D. Tex.), Dkt. No. 61. This conviction and sentence became final when the Supreme Court denied his petition for a writ of certiorari in June 2007. *See St. John v. United States*, 551 U.S. 1154 (2007).

Pertinent to this Section 2255 motion, St. John's sentence was enhanced under ACCA. *See* No. 3:03-cr-442-P, Dkt. No. 94 (PSR), ¶ 30. As recounted in *Johnson*:

Federal law forbids certain people – such as convicted felons, persons

committed to mental institutions, and drug users – to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136 (2010). The Act defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year ... that –
>
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S. Ct. at 2555-56.

St. John and the government agree that, after *Johnson*'s invalidation of ACCA's residual clause, made retroactively applicable to St. John through *Welch*, St. John no longer has three convictions for violent felonies or serious drug offenses that qualify him for the enhanced statutory sentence under Section 924(e). *Compare* Dkt. No. 2, *with* Dkt. No. 9 at 2-3.

While St. John argues for formal resentencing, both he and the government agree that, in light of *Johnson* and *Welch*, the maximum lawful sentence for the offense for which St. John was convicted is 10 years, the statutory maximum. *See* 18 U.S.C. § 924(a)(2); *compare* Dkt. No. 2 at 8, *with* Dkt. No. 9 at 4-5. St. John has already served more than 11 years and 11 months. *See* Dkt. No. 7 at 2.

-3-

For these reasons, the Court should grant both St. John's Section 2255 motion and his motion for immediate release pending further proceedings.

Because St. John should be immediately released, the undersigned recommends that, should the Court accept these recommendations, the Court re-refer this matter to the undersigned to set conditions of release pending further proceedings. *See, e.g.*, *Campos v. United States*, No. 3:13-cv-2980-D-BH, Dkt. No. 20 (N.D. Tex. Apr. 29, 2016).

Today, May 12, 2016, the undersigned convened a telephonic status conference with counsel. Because the undersigned believes that both pending motions be granted and that Judge Fish is better able to determine whether St. John should be formally resentenced or whether his sentence should be corrected through an amended judgment – and, as such, the undersigned makes no recommendation to the Court as to that issue – counsel on the record at today's status conference agreed to waive the objections to these recommendations in order to expedites the Court's acting on these recommendations.

## Recommendation

The Court should (1) grant St. John's Section 2255 motion and the unopposed motion for immediate release, (2) re-refer this matter to the undersigned to enter appropriate conditions of release pending further proceedings, and (3) determine whether St. John should be formally resentenced or whether his sentence should be corrected through an amended judgment.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

As stated above, given the scope of these recommendations, the parties have waived their objections to these recommendations.

DATED: May 12, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE